[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE DATED SEPTEMBER 17, 1991
This action arises out of a dispute between the plaintiff William H. Wilson, a developer, and the defendants West Service Corporation, a public utility in Suffield, and Paul Hyrniewicz, an employee of West Service Corporation. The first count alleges that the defendants Hyrniewicz and West Service Corporation deprived the plaintiff of his substantive due process rights in violation of the Fifth andFourteenth Amendments of the United States Constitution, Article I, sections8 and 11 of the Constitution of the State of Connecticut, and 42 U.S.C. § 1983. Count two alleges that the defendant Hryniewicz intentionally interfered with the plaintiff's prospective contractual relations. The defendants move to strike counts 1 and 2 of the complaint.
The defendants claim that they are not state actors and therefore the first count of the complaint alleging violations of the Connecticut and State Constitutions and42 U.S.C. § 1983 is insufficient as a matter of law. The court disagrees: At this stage of the proceedings, it seems clear that CT Page 9153 the operations of the defendant company are fully circumscribed and supervised by the State of Connecticut and its regulatory agency, including in general the specific activity complained of in the present lawsuit. There has been a sufficient showing that the defendant acted under color of state law in refusing to supply water to the plaintiff without just cause. Salisbury v. Southern New England Telephone Co., 365 F. Sup. 1023
(1973). "[P]ublic utilities which enjoy a complete monopoly on the supply of an essential commodity to citizens of this state, and whose rates, method of and right to do business, are solely under state control, act by or under control of state law for purposes of Section 1983." Tennyson v. Gas Services Company,367 F. Sup. 102, 103 (1973).
The defendants claim that the second count of the complaint is legally insufficient because an agent acting within the scope of his authority cannot be held liable for interfering or inducing his principal to breach a contract between principal and a third party. This argument is without merit because the third paragraph of the first count, which is incorporated in the plaintiff's second count alleges that the defendant Hryniewicz acted individually.
The motion to strike is denied.
FRANCES ALLEN SENIOR JUDGE